[McGehee *v.* Lomax.]

# McGehee *v.* Lomax.

### *Motion to supersede and quash Execution.*

1. *Insolvent estates; presentation of claims.* — When an estate has been declared insolvent by the Probate Court, all claims against it, whether reduced to judgment or not, are transferred to that court for settlement and payment; and any claim not duly filed and verified as required by the statute (Rev. Code, § 2196) is forever barred.

2. *Same; fi. fa. on judgment.* — When an estate is reported and declared insolvent after the rendition of a judgment against the personal representative, an execution subsequently issued on it, if not wholly void, is irregular, and is not sufficient, on a return of "no property found," to authorize an execution against the executor or administrator personally.

3. *Same; personal liability of executor or administrator on judgment rendered before report of insolvency.* — The act approved February 16, 1867, extending the time for declaring estates insolvent, and declaring that no executor or administrator "shall be liable for any failure to return such estate insolvent since the 11th day of January, 1861 " (Rev. Code, § 2151), applies to a judgment which was rendered prior to its passage, and prevents such judgment from imposing a personal liability on the executor or administrator, who afterwards (within the time allowed by that act) reports the estate insolvent; and such judgment creditor is bound by the decree of insolvency, whether he appeared and contested it or not.

4. *Grant of administration by probate court in* 1862. —Letters testamentary, or of administration, granted by a Probate Court in this State in 1862, are not void, and are sufficient to authorize the person therein appointed, before administration is granted to any other person, to report the estate insolvent.

5. *Estoppel against judgment creditor from denying representative character of defendant.* — When a creditor recovers judgment against an executrix in her official capacity, and, after return of "no property found " on an execution, seeks to hold her personally liable on his judgment, it does not lie in his mouth to say that her letters testamentary are void, because issued by a court having no lawful authority.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN D. CUNNINGHAM.

The facts of this case, as stated in the opinion of the court, are these : " Tennent Lomax died in Montgomery County,[1] in the year 1862, testate ; and his will was there proved, and letters testamentary were issued to the appellee, who was named in said will as executrix. On the 8th day of February, 1866, A. G. McGehee, the appellant, recovered a judgment against said appellee, as executrix, &c., in the City Court of Montgomery, for the sum of $4,411.80. On this judgment an execution was issued on the 16th day of March, 1866, which was returned ' Stayed by suggestion under the statute.' On the 25th day of July, 1866, the appellee reported the estate insolvent ; and it was so declared by the Probate Court of said county on the 10th day of September, 1866. On the 17th day of September, 1867, another execution was issued on said judgment, which was returned, on the 5th day of February,

---

[1] Col. Tennent Lomax was killed at the battle of Seven Pines, in Virginia, on the 31st day of May, 1862, while in command of his regiment, the Third Alabama. — REP.

[McGehee *v.* Lomax.]

1868, ' No property found.'    Afterwards, on the 1st day of February, 1872, an execution was issued on said judgment against the appellee personally, to be levied off her individual goods and chattels, lands and tenements ; and said execution was levied on property belonging to her, which the sheriff was proceeding to sell under said execution, when she filed her petition in said City Court, setting forth substantially these facts, and praying said court to supersede and quash said execution.   The appellant filed a demurrer to this petition, which was overruled by the court, and said execution quashed ; to which rulings of the court the appellant excepted, and he here assigns them as error."

ELMORE & GUNTER, for appellant. — 1. The rendition of a judgment against an executor or administrator fixes his liability, and is a confession of assets.   *Williams* v. *Hinkle,* 15 Ala. 713 ;   *Grace* v. *Martin,* 47 Ala. 135.   A judgment is conclusive, as between the parties, of everything which was, or with reasonable diligence might have been set up as a defence.    This rule is founded on principles of public policy, and works no hardship in its application to this particular case ; for if the executrix did not sustain that official character, or if the eighteen months allowed her by law for the purpose of ascertaining the condition of the estate had not then expired, this might have been set up as a defence to the action.   As to these matters, the judgment is conclusive on the defendant. *Cullum* v. *Casey,* 1 Ala. 357 ;   *Lee & Norton* v. *Insurance Bank,* 2 Ala. 21 ;   *Watts* v. *Gayle & Bower,* 20 Ala. 817 ; *French* v. *Garner,* 7 Porter, 549.

2. The decree of insolvency, subsequent to the rendition of plaintiff's judgment, cannot relieve the defendant from this personal liability.   In the first place, her letters testamentary were granted in 1862 ; and, as she states in her petition, she never was executrix under the laws and government of the State of Alabama.   *Bibb & Falkner* v. *Avery,* 45 Ala. 691.   A decree of insolvency, rendered on the petition of a person who is not the lawful representative of the estate, is void for want of jurisdiction.    *Wyatt* v. *Rambo,* 29 Ala. 510 ;   *King* v. *Kent,* 29 Ala. 542 ;   *Gunn* v. *Howell,* 27 Ala. 663.   The argument does not affect the plaintiff 's judgment, which is conclusive as to that defence, if it existed

3. The plaintiff 's judgment was rendered before the passage of the acts of 1866 and 1867, extending the time within which estates might be declared insolvent, and, consequently, is not affected by their provisions.   A mere lien given by law may be taken away by law ; but a vested right, a fixed personal liability, cannot be taken away or affected by subsequent legis-

[McGehee *v.* Lomax.]

lation. The defendant's personal liability on this judgment is as much a species of property as any corporeal thing. *Wammack* v. *Holloway,* 2 Ala. 31.

4. The case of *Powe & Smith* v. *Sterrett* (16 Ala. 339) has no bearing on this case. When that decision was made, there was no statute forbidding the rendition of judgments against executors or administrators within eighteen months, although that time was allowed for the presentation of claims; and that decision was made to supply the defect, which a change in the statute has since effected.

WATTS & TROY, JUDGE & HOLTZCLAW, *contra.*

PECK, C. J. — The decree of insolvency had the effect to transfer all claims against the decedent's estate, whether the creditors were creditors at large or judgment creditors, to the Probate Court for settlement. *Ray* v. *Thompson,* 43 Ala. 434. In that court, if said claims were filed and verified as by law required (Rev. Code, § 2196), and not objected to, on a settlement and distribution of the assets of said estate they should be paid in full, or *pro rata,* as the assets might prove sufficient or insufficient for that purpose; and all claims, not so filed and verified, are declared by the same section to be "barred forever." Therefore the execution issued on the appellant's judgment after said estate had been declared insolvent, if not wholly void, was clearly irregular and insufficient on a return of "No property found," to authorize the issue of an execution against the appellee, personally (Rev. Code, § 2282), to be levied off her individual goods and chattels, lands and tenements. This was a sufficient ground to justify the quashing of said execution.

The appellant seeks to avoid this, by saying that his judgment against the appellee was evidence of assets, and imposed on her a personal liability, the estate not having been declared insolvent until after said judgment was rendered. This is answered by the 3d section of the act approved February 16, 1867 (found in the Revised Code as part of section 2151), which provides that executors and administrators shall be allowed twelve months from the date of said act to report estates insolvent, "where they may have become so from any cause, if the time allowed to declare estates insolvent has, or is about to expire; and that no executor or administrator *shall be liable* for any failure to return such estates insolvent since the 11th day of January, 1861." Besides, the appellant was a creditor of the estate, and therefore a party to the proceeding to declare the estate insolvent; and whether he failed to appear, or appeared and made no objection, in either case he was bound by

[Wilson *v.* Barnes.]

the decree declaring said estate insolvent. The statute declares, that if no creditor contests the correctness of the report of insolvency, or if he contests and the issue is found against him, the court must declare the estate insolvent, &c. Rev. Code, § 2187 ; *Waller* v. *Ray et al.*, at June Term, 1872.

It is insisted, also, that the appellee received her letters testamentary from a probate judge during the late Rebellion ; and for that reason that the Probate Court acquired no jurisdiction, on her petition, to declare said estate insolvent. In the case of *Bibb & Falkner* v. *Avery* (45 Ala. 691), it was decided that such letters are not void ; that executors in such cases, so far as they have acted in good faith in their administration, and in conformity to the will, should be protected ; that such executors were authorized to take possession of the personal property of their testator, to collect the debts of the estate when voluntarily paid, or even by suit if no objection was made, and that they might pay the just debts of the testator, and the legacies, if any were bequeathed by the will. And we now hold that such executor may also, before administration is granted to some other person, report the estate insolvent ; and that such report, where no objection is interposed by the creditors, gives the Probate Court jurisdiction to declare the estate insolvent. This is not inconsistent with the said case of *Bibb & Falkner* v. *Avery* (*supra*), and is in harmony with the principles settled in the case of *Erwin* v. *Hill*, decided at the present term. Moreover, as the appellant treated the appellee as executrix,—sued her as such, and recovered his said judgment, and issued execution against her as executrix, — it does not now lie in his mouth to say that she was not executrix. For these reasons, the court below committed no error in overruling the demurrer to the petition, and in quashing said execution.

The judgment is affirmed, at the appellant's costs.